UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:17-CR-00006-GFVT-HAI |
| ) | |
| V. ) | |
| ) | |
| STANLEY DOPLE, ) | **ORDER** |
| ) | |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 12.] Defendant Stanley Dople has been charged with five violations of his supervised release, stemming from his use of marijuana. *Id*. at 1–3. As part of his supervised release, Mr. Dople's standard condition #7 required him to refrain from purchasing, possessing, using, distributing, or administering any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. *Id.* at 2–3. Mr. Dople is charged with two violations (Violations #1 and #3) of standard condition #7, two violations (Violations #2 and #4) for committing another federal, state, or local crime by possessing marijuana, and one violation (Violation #5), after lying about his marijuana use, for failure to answer truthfully all inquiries by the probation officer. *Id.*

At a final revocation hearing held on October 5, 2017, Mr. Dople knowingly and competently pleaded guilty to all four of these violations. [R. 11.] The parties did not agree as to the sentence: the Government argued for sixteen months of incarceration followed by ten years of supervised release, while the Defendant argued for twelve to fourteen months of

incarceration followed by the original term of supervised release. [R. 12 at 4.] Subsequently, Judge Ingram prepared a Report and Recommendation which evaluates the relevant 18 U.S.C. § 3553 factors.

Judge Ingram discussed Mr. Dople's "callous disregard for the law," namely his failure to register as a sex offender, his use of marijuana, and his repeated lies to the probation officer about his use, including by means of providing a diluted specimen for testing. Because of Mr. Dople's continued dishonesty, Judge Ingram determined a sentence of incarceration followed by a lengthy period of supervised release is proper. Judge Ingram's Report and Recommendation ultimately recommends that the Court sentence Mr. Dople to a term of sixteen months imprisonment to be followed by ten years of supervised release. *Id.* at 10. After five years, the Court will re-evaluate Mr. Dople's compliance with the terms of his supervised release; absent a violation of these conditions, the Court may consider terminating his supervision. The standard conditions of supervision used by the Eastern District of Kentucky shall be imposed and will replace the conditions imposed in his original judgment by the Eastern District of Tennessee. In addition, Mr. Dople will be subject to the following Special Conditions adopted by this District for sex offenders following the decision in *United States v. Inman*, 666 F.3d 1001 (6th Cir. 2012):

1. The defendant shall participate in a program for treatment of mental health/sexual disorders; shall undergo a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed; shall be subject to periodic polygraph examinations and/or Computer Voice Stress Analysis (CVSA) testing, at the discretion and direction of the probation officer; and, shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office.

2. The defendant's residence and employment shall be pre-approved by the

probation officer and in compliance with state and local law.

3. The defendant shall not frequent, volunteer, or work at places where children under the age of 18 congregate (e.g. playgrounds, parks, day-care centers, public swimming pools, youth centers, video arcade facilities) unless approved by the probation officer, and shall have no contact with victims.

4. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 without the permission of the probation officer. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc., with whom the defendant must deal in order to obtain ordinary and usual commercial services.

5. The defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available.

6. The defendant shall not possess or use a device capable of creating pictures or video, without the approval of the probation officer.

7. The defendant shall not rent or use a post office box or storage facility, without the approval of the probation officer.

8. The defendant shall register as a sex offender as prescribed by state law.

9. The defendant shall not possess or use a computer or any electronic device with access to any on-line computer service at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system, or any other public or private network or email system.

10. The defendant shall consent to the United States Probation Office conducting unannounced examinations of any and all electronic devices (i.e. computer system(s), internal/external storage devices, hand-held devices, etc.), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s) or electronic devices any hardware/software to monitor device use or prevent access to particular materials, and to consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.

11. The defendant shall provide the United States Probation Office with accurate information about his entire computer system (hardware/software) and all electronic devices; all account user names; all passwords used by him; and, will abide by all rules of the Electronic Device Restriction and Monitoring Program.

12. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search conducted by the United States Probation Office, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of supervision. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

13. The defendant shall provide the probation officer with access to any requested financial information.

Mr. Dople will be also be subject to the following Additional Special Conditions, as defined by Judge Ingram:

14. The defendant shall abstain from the use of alcohol.

15. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

16. The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision. Said program may include one or more cognitive behavioral approaches to address criminal thinking patterns and antisocial behaviors. The defendant shall pay for the cost of treatment services to the extent he is able as determined by the probation officer.

17. Upon release from incarceration, the defendant shall reside for a period of six months in a halfway house facility at the discretion of the United States Probation Office. While in such facility, the defendant shall observe the rules of that facility.

19. Five years after the date of Judgment, the Court will conduct a hearing to review Defendant's status and re-evaluate Defendant's conditions of supervised release. If Defendant has not violated any conditions of his supervised release, the Court may consider terminating his supervised release.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time period by either party. Mr. Dople has waived his right to allocution. [R. 13.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no

objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 12] as to Defendant Stanley Dople is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Dople is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Mr. Dople's Supervised Release is **REVOKED**;

4. Mr. Dople is hereby sentenced to a term of incarceration of **sixteen (16) months**;

5. Upon completion of the term of incarceration, Mr. Dople is hereby sentenced to a term of supervised release of **ten (10) years** under the conditions outlined above; and

6. Judgment shall enter promptly.

This the 7th day of November, 2017.

Gregory F. Van Tatenhove
United States District Judge