UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:17-CR-0006-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| STANLEY DOPLE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 24.] Defendant Stanley Dople has been charged with three violations of his supervised release. *Id*. at 2–3.

On December 15, 2015, Mr. Dople was sentenced by the Eastern District of Tennessee to thirty months imprisonment for failure to register as a sex offender. [R. 1-2 at 1–3.] He began his five-year term of supervised release on January 27, 2017. [R. 24 at 1.] A month later, his supervision was transferred to this Court. [R. 1.] Then, on November 7, 2017, this Court revoked Mr. Dople's supervised release for use and possession of marijuana, sentencing him to sixteen additional months of incarceration followed by ten years of supervised release. [R. 14; R. 15.] He was released again on November 23, 2018. [R. 24 at 2.]

According to the Supervised Release Violation Report (the Report) issued by the USPO on July 16, 2019, Mr. Dople submitted a urine screen which tested positive for methamphetamine. *Id*. He denied use, and the sample was sent for further testing, which confirmed a positive result. *Id*. However, when USPO attempted to confront Mr. Dople about this test, his phone was not accepting incoming calls. *Id*. He has been charged with Violation

#1, violation of the condition prohibiting him from unlawful use of a controlled substance, a Grade C violation.  Additionally, because in the Sixth Circuit use of a controlled substance indicates possession of that substance, Violation #2 charges Mr. Dople with failure to refrain from committing another crime, specifically, violation of 21 U.S.C. § 844(a), a Class E Felony. *Id*.  This is a Grade B Violation.  Finally, because he denied use of any illicit substance after the urine sample tested positive, Violation #3 charges that Mr. Dople failed to truthfully answer questions asked by his probation officer, a Grade C violation.  *Id*. at 2–3.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on August 2, 2019, Mr. Dople knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. [R. 20.]  The United States moved for interim detention and Mr. Dople argued for release.  *Id*. However, because he did not meet the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded him to custody.  *Id*.  At his final revocation hearing on August 8, 2019, Mr. Dople contested all three violations.  [R. 23.]  Judge Ingram heard testimony from Probation Officer Leah Beasley.  [R. 24 at 3–5.]  Upon considering the evidence, Judge Ingram found by a preponderance of the evidence that Mr. Dople committed all charged violations.  *Id*. at 5–12. Neither party filed objections to this determination, and the time to do so has now expired.  Fed. R. Crim. Pro. 59(b).

With Mr. Dople's criminal history category of IV and a Grade B violation[1], Judge Ingram calculated his Guidelines Range to be twelve to eighteen months.  [R. 24 at 14.]  The Government requested an upward variance of twenty-two months imprisonment, plus the condition of supervised release that he participate in a drug treatment program.  *Id*. at 12–13.

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.")

Mr. Dople requested a sentence at the low end of the Guidelines Range. *Id*. at 13. The Government pointed to Mr. Dople's previous violation for similar conduct, specifically lying to his Probation Officer. *Id*. Counsel for Mr. Dople emphasized that Mr. Dople has a substance abuse problem that has never properly been addressed, and that inpatient treatment would be more beneficial than incarceration. *Id*.

After consideration of the nature and circumstances of Mr. Dople's conviction, as well as his history and characteristics, Judge Ingram found revocation to be mandatory pursuant to 18 U.S.C. § 3583(g)(1). *Id*. at 14. Judge Ingram noted the seriousness of Mr. Dople's underlying offense but focused mostly on his abuse of the Court's trust and his "callous disregard for the law." *Id*. at 15. His prior violations, failure to attend counseling, escape, multiple felony convictions, and use of drugs while on supervised release all demonstrate this disregard. *Id*. Furthermore, his sex offender status indicates a potential for harm to the public. *Id*. Citing these concerns, Judge Ingram recommended a sentence of eighteen months. *Id*. at 16. He also recommended denying the request for inpatient treatment as Mr. Dople has never admitted using methamphetamine nor admitted that he has an addiction to methamphetamine. *Id*. The Court agrees with this recommendation, and echoes Judge Ingram's concern about this breach of the Court's trust.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections have been filed and the time to do so has now expired. Instead, Mr. Dople has filed a waiver of allocution. [R. 25.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no

3

objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 24**] as to Defendant Stanley Dople, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Dople is found **GUILTY** of Violation #1, Violation #2, and Violation #3;

3. Mr. Dople's Supervised Release is **REVOKED**

4. Mr. Dople is hereby **SENTENCED** to a term of incarceration of **eighteen (18) months** followed by **ten years** of supervised release of under the conditions previously imposed, except for Special Condition 17; and

5. Judgment shall enter promptly.

This the 30th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge