UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | No. 6:17-CR-6-GFVT-HAI-1 |
| v.   ) | |
| ) | RECOMMENDED DISPOSITION |
| STANLEY DOPLE,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |
| ) | |

*** *** *** ***

On referral from District Judge Van Tatenhove (D.E. 28 at 2), the Court considers reported violations of supervised release conditions by Defendant Stanley Dople. District Judge Thomas A. Varlan of the Eastern District of Tennessee entered a judgment against Defendant on December 16, 2015, upon a plea of guilty for failure to register under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250(a). D.E. 1-2 at 1. This conviction involved cutting off an ankle monitor and leaving the Eastern District of Tennessee. Defendant received a sentence of thirty months of imprisonment followed by five years of supervised release. *Id*. at 2-3. The underlying conduct that resulted in Defendant's sex offender status involved a 2004 conviction in Tennessee state court for two counts of aggravated sexual battery. Defendant began his first supervised release term on January 27, 2017. Supervision was transferred to the Eastern District of Kentucky on February 28, 2017. D.E. 1.

On June 22, 2017, a Report on Offender Under Supervision was submitted to the Court following Defendant's admission to using marijuana. D.E. 4. The report recommended that no action be taken at that time, which Judge Van Tatenhove approved. *Id.*

On November 7, 2017, Defendant's supervised release was revoked after he stipulated to two charges of use of a controlled substance (marijuana), the resulting commissions of a crime, and the failure to answer all inquiries of the probation officer truthfully. D.E. 14; D.E. 15. He was sentenced to sixteen months of imprisonment, followed by ten years of supervised release. D.E. 15 at 2-3. Defendant was released on November 23, 2018, to begin his second term of supervision.

On August 30, 2019, Defendant's supervised release was revoked after he stipulated to the use of a controlled substance (methamphetamine), resulting commission of a crime, and the failure to answer all questions asked by the probation officer truthfully. D.E. 26; D.E. 27. He was sentenced to eighteen months of imprisonment, followed by ten years of supervised release. D.E. 27 at 2-3. Defendant was released on November 9, 2020, to begin his third term of supervision.

**I.**

On July 7, 2021, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report charges a violation of the condition requiring Defendant to report to the probation officer as instructed. According to the Report,

> On April 21, 2021, this officer attempted a home visit at Dople's listed address and made contact with his brother, Jerry. Jerry advised Dople was not home but may be with a girlfriend on Wild Bill Stephens Road. This officer traveled to that location but was unable to locate Dople.
>
> On June 28, 2021, this officer attempted a home visit at Dople's listed address but was unable to make contact with Dople at the residence. A family friend indicated he was likely at a home on Wild Bill Stephens Road but she could not provide an exact address.
>
> A certified letter was sent to Dople on June 29, 2021, instructing him to report on July 7, 2021, at 10:00 AM. This letter was delivered on July 2, 2021. Dople failed to report as directed and this officer could not reach him at his listed phone number.

2

This is a Grade C violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on July 29, 2021.[1] D.E. 33. The Court set a final hearing following the knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id*. At the initial appearance, the United States made an oral motion for interim detention; Defendant requested release. *Id*. Based on the heavy release burden under Rule 18 U.S.C. § 3143(a), the Court found detention was required. *Id*.

At the final hearing conducted on August 20, 2021, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 41. Defendant waived a formal hearing and stipulated to the violation. *Id.* The Court found Defendant competent to stipulate to the violation and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

The Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that, at worst, is a Grade C violation under the Guidelines. *See* U.S.S.G. § 7B1.1.

During the final hearing, the parties made a joint sentencing recommendation of revocation with twelve months of imprisonment, followed by twelve months of supervised release. The government focused on the nature and circumstances of the original offense, Defendant's history and characteristics, and the breach of the Court's trust. The government highlighted that this is Defendant's third revocation and that he has yet to serve a year on supervision without

---

[1] The initial appearance was originally scheduled for July 27, 2021, but the Court continued the hearing due to Defendant appearing to be too tired or otherwise impaired to proceed. D.E. 32.

violating the conditions of release.  The government explained that the recommended term of imprisonment would not allow Defendant to accrue good time credit, which it argued is justified in light of Defendant's history of violations.  Further, the government stated that Defendant's history creates a need to deter and protect the public from future violations.  The government concluded that any future violations would likely result in it recommending a more serious term of incarceration.

The defense argued that the current violation is much less egregious than Defendant's prior violations.  Defense counsel also stated that Defendant recently gave information to local law enforcement in an effort to help with a missing person investigation.  Defense counsel argued that this is a positive change in light of Defendant's history.

Defendant addressed the Court and stated that he lost track of time as an explanation for the violation.  Defendant also stated that he helped with the local investigation to try and bring closure to the missing person's family.  Defendant explained that, while his help with the investigation was not out of self-interest, he believed that it supports a shorter sentence than the joint recommendation.  Defendant also stated that his girlfriend is a good influence and will help him make better decisions while on release.

## II.

Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction.  Defendant pleaded guilty to failure to register for the SORNA.  *See* 18 U.S.C. § 2250(a).  This is a Class C felony.  *See* 18 U.S.C. §

3559. For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007). ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.").

Under U.S.S.G. § 7B1.1, Defendant's conduct qualifies as a Grade C violation. Given Defendant's criminal History Category of IV (the category at the time of the conviction in the Eastern District of Tennessee) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is six to twelve months. Both parties agreed to this calculation of the range.

### III.

The Court has reviewed the entire record, including the Supervised Release Violation Report and accompanying documents, the underlying judgment in this matter, and Defendant's presentence investigative report and sentencing materials. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the 18 U.S.C. § 3583(e) analysis. Through that consideration, the Court will recommend, in line with the parties' joint recommendation, that Defendant's supervised release be revoked and that he be sentenced to twelve months of imprisonment, followed by twelve months of supervised release.

First, the nature and circumstances of Defendant's underlying conviction indicate a callous disregard for the law. Defendant cut off his ankle monitor and fled to another state. The certainty

of being detected and pursued was insufficient to dissuade Defendant from breaking the law. Defendant has a long history of disrespecting the law, including probation violations, not attending sex offender counseling, escape, and multiple felony convictions. His criminal history establishes a risk of future criminal conduct, which creates a need for deterrence and to protect the public. The current violation reflects Defendant's total lack of care to follow even the simplest conditions of release.

The Court must also consider the need to provide Defendant with any needed education, training, or treatment. During the final hearing, the Court discussed with Defendant the possibility of recommending that he serve the first half of his term of supervised release at a halfway house. However, Defendant responded to that offer with attempting to persuade the Court to lower the recommended sentence. Notably, Defendant never indicated while addressing the Court that he is trying to better himself. Because there is no indication that Defendant would take advantage of it, further ordered treatment is not appropriate in this case.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines range. Here, the Court recommends a sentence of incarceration of twelve months.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the

other statutory goals imported into § 3583(e). Defendant's conduct represents a significant breach of the Court's trust. A sentence lower than the top of the Guidelines Range is not appropriate in light of Defendant's history of violations and lack of respect for the Court and the USPO. Further, his last revocation sentence was at the top of the Guidelines Range. Thus, there is no support in to recommend a sentence lower than twelve months. For the reasons stated above, the Court finds a sentence of twelve months is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Given the nature of Defendant's convictions, pursuant to 18 U.S.C. §§ 3583(h) and (k), the maximum period of time that Defendant can be placed on supervised release following revocation is life. As acknowledged by the parties, the Court finds that Defendant needs further supervision following imprisonment. Defendant's continued breach of trust demonstrates that he continues to disrespect lawful authority. Accordingly, the Court recommends that a term of twelve months of supervised release be imposed.

### IV.

Based on the foregoing, the Court **RECOMMENDS THAT:**

(1)  Defendant be found guilty of the violation;

(2)  Revocation and imprisonment for a term of twelve months; and

(3)  A term of twelve months of supervised release to follow.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission. If Defendant chooses to waive allocution, he **SHALL** do so on or before the deadline for filing objections.

This the 23rd day of August, 2021.

Signed By:
Hanly A. Ingram
United States Magistrate Judge

8