UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:17-cr-00006-GFVT-HAI-1 |
| ) | |
| v. ) | |
| ) | |
| STANLEY DOPLE, ) | **ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 42.] For the reasons that follow, Judge Ingram's Report and Recommendation will be ADOPTED in its entirety.

**I**

Defendant Stanley Dople has been charged with violating the terms of his supervised release. [R. 31.] In 2004, Mr. Dople was convicted in Tennessee state court of two counts of aggravated sexual battery. [R. 42 at 1.] On December 16, 2015, District Judge Thomas A. Varlan of the Eastern District of Tennessee entered judgment against Mr. Dople for failing to register under the Sex Offender Registration and Notification Act (SORNA) in violation of 18 U.S.C. § 2250(a). [R. 1-2 at 1.] Mr. Dople began his first term of supervised release on January 27, 2017, and his supervision was transferred to the Eastern District of Kentucky on February 28, 2017. [R. 1.]

On June 22, 2017, Mr. Dople admitted to using marijuana, which violated the terms of his supervised release. [R. 4.] However, the United States Probation Office (USPO) recommended that no action be taken at that time, and the Court approved this recommendation.

*Id.* Mr. Dople's supervised release was revoked on November 7, 2017, after he stipulated to two charges of use of a controlled substance (marijuana), resulting commission of a crime, and failure to answer all inquiries from the probation officer truthfully. [R. 14; R. 15.] Mr. Dople was sentenced to sixteen months of imprisonment and ten years of supervised release. [R. 15 at 2–3.] Upon release, Mr. Dople began his second term of supervised on November 23, 2018. [R. 42 at 2.]

Mr. Dople's supervised release was once again revoked on August 30, 2019, after he stipulated to use of a controlled substance (methamphetamine), resulting commission of a crime, and failure to answer all inquiries from the probation officer truthfully. [R. 26; R. 27.] Mr. Dople was sentenced to eighteen months of imprisonment and ten years of supervised release. [R. 27 at 2–3.] Mr. Dople was release on November 9, 2020, to begin his third term of supervision.

The USPO issued the Supervised Release Violation Report on July 7, 2021, that initiated these proceedings. [R. 42 at 2.] The report outlines the efforts Mr. Dople's probation officer made to visit Mr. Dople at his listed address and failure of Mr. Dople to report to the probation officer after being instructed to do so. *Id.* This constitutes a Grade C violation. *Id.* at 3.

On July 29, 2021, Judge Ingram conducted an initial appearance with Mr. Dople pursuant to Rule 32.1. [R. 33.] At the hearing, Mr. Dople knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* The United States made an oral motion for interim detention, and Mr. Dople requested release. *Id.* Given the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Dople to the custody of the United States Marshal. *Id.*

On August 20, Judge Ingram conducted the final hearing. [R. 41.] At the hearing, Mr.

2

Dople entered a knowing, voluntary, and intelligent stipulation to the violation. *Id.* Judge Ingram found that Mr. Dople was competent to stipulate to the violation and that the stipulation was competently, knowingly, and voluntarily and intelligently entered into and was consistent with the advice of counsel. *Id.* Therefore, for the purposes of Rule 32.1 proceedings, Mr. Dople admitted the factual basis for the violation as described in the Report and established the violation under the standard for § 3583(e). At the hearing, the parties jointly recommended a sentence of revocation with twelve months of imprisonment, followed by twelve months of supervised release. *Id.*

## II

After the hearing, Judge Ingram carefully reviewed the entire record, including the Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Ingram also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction. Mr. Dople's underlying conviction of failing to register for the SORNA is a Class C felony, and this results in a two-year maximum period of incarceration following revocation pursuant to § 3583(e)(3). [R. 42 at 5.]

Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Dople's criminal history category of IV (at the time of his original conviction in the Eastern District of Tennessee) and admitted Grade C violation, that Mr. Dople's range of revocation is six to twelve months. *Id.* A court is permitted to reimpose supervised release, following revocation, for a maximum period that subtracts any term of incarceration imposed because of a violation. *See* 18 U.S.C. § 3583(k). The maximum period of time that Mr. Dople can be placed on supervision following revocation is life. *Id.* at 7 (citing 18 U.S.C. §§ 3583(h), (k)).]

In determining the appropriate revocation term of imprisonment, Judge Ingram considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines Range. *Id.* at 5. Judge Ingram noted that, regarding the nature and circumstances of the underlying offense and need to deter criminal conduct, Mr. Dople cut off his ankle monitor and fled to another state, in blatant violation of the terms of his release. *Id.* Furthermore, Mr. Dople has a long history of disrespecting the law, which includes probation violations, failure to attend sex offender counseling, escape, and multiple felony convictions. *Id.* at 6. Judge Ingram also considered the need to provide Mr. Dople with any needed education, training or treatment. *Id.* At Mr. Dople's final hearing, Judge Ingram discussed with Mr. Dople the possibility of recommending the first half of his term of supervised release at a halfway house. *Id.* However, Mr. Dople "responded to that offer with attempting to persuade the Court to lower the recommended sentence" and never indicated to Judge Ingram that he was trying to better himself. *Id.* Therefore, because it appears Mr. Dople would not take advantage of it, Judge Ingram found that further ordered treatment was not appropriate. *Id.*

Judge Ingram also found that the requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines Range. *Id.* at 6. Here, Judge Ingram is recommending a sentence that falls at the top of the Guidelines range. *Id.*

Finally, Judge Ingram found that the primary wrong in the context of supervised release is the violation of the Court's trust. *Id.* at 6. Here, the breach of trust is significant given Mr. Dople's numerous prior violations. *Id.* Mr. Dople's previous revocation sentence was at the top of the Guidelines Range, and that did not stop Mr. Dople from once again violating the terms of his supervised release. *Id.* Therefore, Judge Ingram found that a sentence of twelve months was

sufficient but not greater than necessary to meet the factors contained within § 3553(a). *Id.* at 7.

Ultimately, Judge Ingram made the following recommendations: (1) Mr. Dople be found guilty of the violation in the Report; (2) Mr. Dople's term of supervision be revoked and he be given a twelve-month term of imprisonment; and (3) Mr. Dople receive a twelve-month term of supervised release following his prison term. *Id.* at 7.

Judge Ingram's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 8; *see* 28 U.S.C. § 636(b)(1). The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe. *Id.*; *see Thomas v. Arn*, 474 U.S. 140 (1985). Mr. Dople has not filed any objections to Judge Ingram's Report and Recommendation and has provided a Waiver of Allocution. [R. 43.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

5

1. The Report and Recommendation made as to Defendant Stanley Dople **[R. 42]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Dople is found **GUILTY** of the violation contained in the Report;

3. Mr. Dople's period of supervised release is **REVOKED**, and he shall serve a term of imprisonment of twelve months; and

4. Mr. Dople shall serve a twelve-month term of supervised release following his release from prison.

This the 6th day of October, 2021.

Gregory F. Van Tatenhove
United States District Judge